UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NAPLES SCREEN REPAIR, LLC, a
Florida limited liability company

        Plaintiff,

v.                                          Case No.:   2:20-cv-47-FtM-38NPM

ARROW HANDYMAN "LLC",
JEFFREY L. THEOBALD, JR. ,
JEFFREY L. THEOBALD, SR.  and
THOMAS J. THEOBALD,

        Defendants.
_____/

## OPINION AND ORDER[1]

Before the Court is Defendants Arrow Handyman, LLC, Jeffrey L. Theobald, Sr., Jeffrey L. Theobald, Jr., and Thomas J. Theobald's Motion to Dismiss or Motion for More Definitive Statement (Doc. 11) and Plaintiff Naples Screen Repair, LLC's response (Doc. 17).

Naples Screen Repair, LLC (NSR) provides screen installation and repair services in Naples, Florida.  It's current owner, James Cunningham, formed the LLC in 2010, but NCR has been using the mark NAPLES SCREEN REPAIR through its predecessor in interest since 1978.  NCR uses the mark on its website, NAPLESSCREENREPAIR.COM, and in other advertising channels.  As a result of its advertising and long-term use of the mark, NSR has developed goodwill and brand recognition in the minds of consumers.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

The Theobalds formed Arrow Handyman in 2012 and began competing with NSR in Southwest Florida.  It uses the NAPLES SCREEN REPAIR mark to advertise online through its website, paid ads, and web domains like NAPLES-SCREEN-REPAIR.COM, NAPLESSCREENREPAIR.NET, NAPLESSCREENREPAIRS.COM, and SCREENREPAIRNAPLES.COM.  NSR suffered a continuing decrease in business before discovering Arrow's use of the mark in Spring 2019.  Defendants refused to cease their use of the mark, despite NSR's demands.

NSR registered NAPLES SCREEN REPAIR with Florida's Division of Corporations in April 2019 and with the United States Patent and Trademark Office in June 2019.  NSR then sued Defendants, asserting seven counts:  federal servicemark infringement (Count 1) and unfair competition (Count 2), Florida servicemark infringement (Count 2) and unfair competition (Count 5), violation of the Florida Deceptive and Unfair Trade Practices Act (FDUTPA) (Count 4), common-law servicemark infringement (Count 6), and cybersquatting (Count 7).

NSR's Complaint is a shotgun pleading.  It starts with 52 paragraphs of factual allegations.  Counts 1-5 simply incorporate the first 52 paragraphs and formulaically recite the element of each claim, without reference to any specific facts.  As a result, "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief."  *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996).  "[A] more definite statement, if properly drawn, will present each claim for relief in a separate count, as required by Rule 10(b), and with such clarity and precision that the defendant will be able to discern what plaintiff is claiming and to frame a responsive pleading."  *Id.*  The Eleventh Circuit has explained the danger of

complacency to shotgun pleading: "Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *Id.*

Accordingly, it is now

**ORDERED:**

Defendants Arrow Handyman, LLC, Jeffrey L. Theobald, Sr., Jeffrey L. Theobald Jr., and Thomas J. Theobald's Motion to Dismiss or Motion for More Definitive Statement (Doc. 11) is **GRANTED**.

(1) Plaintiff Naples Screen Repair, LLC's Complaint is **DISMISSED without prejudice**.

(2) Plaintiff may file an amended complaint that complies with Rule 10 on or before **May 29, 2020. The Court will enter judgment and close the file if Plaintiff does not timely file an amended complaint**.

**DONE** and **ORDERED** in Fort Myers, Florida this 15th day of May, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

3